UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN HARRIS,<br><br>            Plaintiff,<br>  v.<br><br>PIERCE COUNTY, et al.,<br><br>            Defendants. | CASE NO. C17-5973 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL |

This matter comes before the Court on Defendants' motion for partial dismissal (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. BACKGROUND

On January 5, 2016, Plaintiff Calvin Harris was arrested under suspicion of an armed robbery that occurred three days prior in Spanaway, Washington. Dkt. 1. Plaintiff remained in custody at the Pierce County Jail until his Robbery in the First Degree charge was dismissed on March 1, 2016. *Id*. On November 21, 2017, Plaintiff filed a complaint against Pierce County and Pierce County Sheriff Deputies Seth Huber and Chris Olsen.

*Id*. Plaintiff claims Defendants violated his substantive due process rights, made an unlawful search and seizure, and inflicted cruel and unusual punishment. *Id*. The complaint also brings state tort claims of False Arrest, False Imprisonment, Outrageous Conduct, and Intentional Infliction of Emotional Distress. *Id*.

On January 29, 2018, Defendants moved to dismiss Plaintiff's § 1983 claims based on due process and cruel and unusual punishment against Defendants Seth Huber and Chris Olsen and all § 1983 claims against Pierce County. Dkt. 13. The motion was noted for February 23, 2018, and pursuant to Local Civil Rule 7(d), Plaintiff's opposition was due no later than the preceding Monday, February 19, 2018. As of March 19, 2018, Plaintiff has still not filed any opposition to Defendants' motion. On February 23, 2018, Defendants replied to their own unopposed motion seeking partial dismissal. Dkt. 14.

## II. DISCUSSION

Defendants seek partial dismissal of Plaintiff's claims on the basis that Plaintiff has failed to allege violations of his rights under the Fifth, Eighth, or Fourteenth Amendments. Defendant Pierce County also moves for dismissal of Plaintiff's § 1983 claims against it on the basis that the County cannot be liable under § 1983 pursuant to a theory of respondeat superior.

Plaintiff has not responded to Defendants' motion. Local Civil Rule 7(b)(2) provides that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as a admission that the motion has merit." W.D. Wash. Local Rules LCR 7(b)(2). Here, Plaintiff has not provided any opposition to Defendants' motion for partial dismissal. Unless Plaintiff's counsel was unfamiliar with the federal

and local rules, it is curious that no response has been filed. The most reasonable explanation is that Plaintiff's counsel is familiar with the applicable rules and Plaintiff's silence is intended as an admission that the motion to dismiss has merit.

This makes sense in light of the motion's apparent merit. A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment Cruel and Unusual Punishment Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971). Additionally, it is well settled that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Hatter v. Dyer*, 155 F. Supp. 3d 940, 944 (C.D. Cal. 2015) (citations omitted). While Plaintiff states that he was only a pretrial detainee at the Pierce County Jail, he does not allege any facts suggesting inhumane conditions of confinement or any deliberate mistreatment from the Defendants.

Similarly, Fifth and Fourteenth Amendment due process claims cannot be maintained when the only misconduct alleged in the complaint is a wrongful arrest lacking probable cause in violation of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (U.S. 1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive

governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Plaintiff has also failed to plead any facts in his complaint to suggest that a Pierce County policy, custom, or practice was the moving force behind the alleged actions of Deputies Huber and Olsen. In fact, the only allegation involving the County is a claim that "[u]nder the doctrine of respondeat superior, Defendant Pierce County is responsible for the actions of its employees and agents." Dkt. 1 at 8. However, the doctrine of respondeat superior is not a basis for liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

Finally, the Court notes that it has considered the availability of less harsh repercussions for failing to file opposition to the motion and finds that in this case, dismissal is the appropriate remedy. In most Ninth Circuit cases dealing with dismissal for failure to comply with local rules, courts have appropriately resorted to dismissal only after having provided the nonresponsive parties with several warnings or orders compelling a response. *See Foley v. Pont*, 683 Fed. Appx. 650 (9th Cir. 2017); *In re Day*, 76 F.3d 385 (9th Cir. 1996); *Walker v. City of Lompoc*, 42 F.3d 1404 (9th Cir. 1994). In this case, however, Defendants only seek a partial dismissal of Plaintiff's § 1983 claims, not the entire complaint. Dkt. 13. Therefore, even if the proposed claims are eliminated at this stage of litigation, Plaintiff will maintain his unlawful search and seizure claims against the individually named defendants, as well as his state tort claims. Although the Court is somewhat concerned that less drastic sanctions are plausibly available, it ultimately finds that the requested partial dismissal is appropriate. Should Plaintiff timely

move for reconsideration or provide a compelling reason as to why an opposition could not have been timely filed, the Court will likely consider further briefing at that time.

### III.  CONCLUSION

Therefore, it is hereby **ORDERED** that Defendant's motion for partial dismissal (Dkt. 13) is **GRANTED** as follows:

1. Plaintiff's § 1983 claims against Defendant Pierce County are **DISMISSED**; and

2. Plaintiff's § 1983 claims against Deputies Huber and Olsen for violating the Fifth, Eighth, and Fourteenth Amendment are **DISMISSED**.

Dated this 19th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge